# 2009 DTA 102

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE GUAYAMA**
**PANEL IV**

RENÉ CARRIÓN ARROYO
Recurrente

v.

DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN
Recurrido

Núm. KLRA-2008-01595

San Juan, Puerto Rico, a 9 de julio de 2009

Panel integrado por su Presidente, el Juez Rivera Román,
la Juez Coll Martí y el Juez Vizcarrondo Irizarry

Vizcarrondo Irizarry, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El señor René Carrión Arroyo, (en adelante recurrente), acude ante esta Curia mediante Recurso de Revisión Administrativa para que se revise una resolución emitida por la Oficial de Reconsideración de la Oficina de Asuntos Legales de la Administración de Corrección (en adelante recurrida), el 17 de noviembre de 2008. Mediante dicha resolución se declaró No Ha Lugar una Solicitud de Reconsideración presentada por el aquí recurrente, manteniendo vigente la determinación de incurso del recurrente en cuanto al Código 209 del Reglamento de Procedimientos Disciplinarios para Confinados y Participantes del Programa de Desvío y Comunitarios. (Reglamento 6994, aprobado el 11 de enero de 2005).

### I

El recurrente se encuentra confinado en el Anexo de Guayama 296, bajo la custodia de la Administración de Corrección. El 9 de septiembre de 2008, entre las 11:30 a 11:45 A.M., el recurrente se encontraba en el área de sociales, de la referida institución, con la intención de reunirse con el Técnico Socio Penal Humberto De León para discutir el reclamo de bonificaciones por estudio y labores realizadas. [1]

Una vez reunidos éstos, se suscitó un incidente entre ambos. Según relación del Sr. De León, mientras éste entrevistaba y orientaba al recurrente sobre la bonificación concedida por el Comité de Clasificación y Tratamiento, éste comenzó a "alterarse y molestarse", poniéndose agresivo, desafiante y hostil. [2] "No aceptaba la orientación, ni era receptivo a la misma." Con sus expresiones, menospreció su trabajo, alteró la paz y obstruyó las labores programadas. [3]

El Sr. De León reclamó a la Oficial de Custodia presente, Rosalía Colón, que lo sacara de su oficina. Ésta instruyó al recurrente que saliera para ubicarlo en su celda. Aún en el pasillo continuaba haciendo comentarios y señalando al Socio Penal con sus muletas, expresándole que éste no sabía hacer su trabajo. El Sr. De León no pudo finalizar su trabajo programado, ya que el recurrente le obstruyó su labor. [4] El Socio Penal De León le radicó tres (3) querellas al recurrente que se desglosan de la siguiente manera:

"Código 122 – Incumplir Orden Directa (Querella 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)

Código 209 – Alterar el Clima Institucional (Querella 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)

Código 210 – Incitación a Disturbio (Querella 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)" [5]

El 15 de septiembre de 2008, comenzó el proceso de investigación a cargo de la Investigadora de Vistas, Claribel González Flores. Ésta sometió su Informe de Investigación ante el Oficial de Querellas el 16 de septiembre de 2008. [6]

En dicho informe, la investigadora recogió la declaración del recurrente, que alegó que fue a entrevistarse con el Socio Penal De León en relación a unas bonificaciones que se le debían. Que desde el mes de mayo de 2008, se le entregó unos documentos relacionados a dichas bonificaciones. Este funcionario no supo informarle de las gestiones realizadas sobre el referido reclamo de bonificaciones y éste procedió a presentar una queja bajo el Procedimiento de Quejas y Agravios el 31 de julio de 2008. (GMA-296-912-08 y otra el 5 de agosto de 2008 GMA-296-1099-08).

El día de los hechos, (9 de septiembre de 2008), De León estaba en una actitud negativa. En los quince (15) minutos que lo entrevistó, miró su reloj cada tres (3) minutos, como apresurando la entrevista y le llegó a decir que por su parte no recibiría ni un día de bonificación. El recurrente entiende que con su actitud, De León afectaba su plan institucional, ya que no está laborando como un Socio Penal licenciado. [7]

La investigadora también recogió en su informe la declaración del Socio Penal Humberto De León. Éste alegó que mientras entrevistaba al confinado el día de los hechos (9 de septiembre de 2008), sobre una orientación de una bonificación concedida por el Comité de Clasificación y Tratamiento el 31 de julio de 2008, con la cual el recurrente no estuvo de cuerdo, éste comenzó a alterarse y molestarse. No aceptaba la explicación que él le daba sobre los días concedidos de bonificación y los que faltaban. Se le mostró evidencia del expediente social y criminal, pero éste seguía con la misma actitud de rechazo, e inclusive le increpó que él no sabía hacer bien su trabajo, cuestionando para qué tenía el "condenao expediente ahí". Ante la actitud de menosprecio a su trabajo, De León le pidió a la Oficial Rosalía Colón que lo sacara de la oficina. Aún estando en el pasillo, escuchaba al recurrente haciendo señalamientos y comentarios en su contra, lo que le alteró la paz y obstruyó su labor, no pudiendo éste finalizar la tarea programada. [8]

Finalmente, el informe de investigación incluyó la declaración de la Oficial de Custodia Rosalía Colón, quien informó que mientras el Socio Penal Humberto De León entrevistaba al recurrente, éste comenzó a alterarse y molestarse. Indicó que el confinado no aceptaba la orientación que se le estaba dando, y aun mostrándole la evidencia, éste seguía en actitud de rechazo. Que inclusive le increpó a De León que éste no sabía hacer bien su trabajo. Que ante esta situación, le indicó al recurrente que saliera del área de Sociales para ubicarlo en su celda. Y aún en el pasillo, el recurrente continuaba con la misma actitud contra el Sr. De León, señalándolo con sus muletas e increpándolo. Ante este incidente, observó que De León no pudo continuar con el trabajo que realizaba. [9]

El 30 de septiembre de 2008, se celebró la vista disciplinaria ante la Oficinal Examinadora de Vistas Disciplinarias Lara Colón Laborde. Según la resolución de la misma fecha, ésta tomó en consideración la siguiente evidencia para decidir:

"1. Informe de Querella.

2. Informe de Investigación.

3. Declaración del Querellante.

4. Declaración del Querellado.

5. Declaración de testigo."

De la evidencia recibida entendió probada la siguiente relación de hechos:

"Mientras el querellado era atendido en el área de Sociales, comenzó a discutir en voz muy alta con el Técnico Socio Penal. El querellado se alteró de tal manera, que tuvo que ser llamada la Unidad Interna de la Institución para reponer el orden, alterándose el clima institucional, trastocándose las labores programadas. En sus Conclusiones de Derecho estableció que el Reglamento de Procedimientos Disciplinarios y Participantes de Programas de Desvío y Comunitarios considera el alterar el clima institucional, como en los hechos, acaecidos en este caso, como una violación al Código 209. Luego de examinar la evidencia y celebrada la vista, declaró incurso al recurrente en la violación del Código 209. Por no encontrarse los elementos necesarios, declaró no incurso al recurrente en el Código 210. [10] Como sanción disciplinaria se eliminó el 50% de bonificaciones del mes anterior y privilegio de comisaría por 20 días. [11]

La Querella 217-08-02-63 sobre Violación al Código 122 – Desobedecer una Orden Directa, fue llevada el día 25 de septiembre de 2009, ante el Examinador de Vistas Disciplinarias, Juan Cátala Suárez, y éste procedió a desestimar la querella por adolecer de la deficiencia de que no estaba firmada por los funcionarios de la Administración de Corrección, ante la circunstancia de que el querellado, aquí recurrente, se negó a firmar el recibo de la querella. [12]

La Resolución de referencia le fue entregada al recurrente querellado el 29 de septiembre de 2009. [13]

De la Resolución de 30 de septiembre de 2009, declarando incurso al recurrente querellado por el Código 209, (Alteración al Clima Institucional, Querella 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), éste solicitó reconsideración el 3 de octubre de 2008. Fundamentó su solicitud en que:

"a) La Regla 11 del Reglamento 6994 se refiere a la vista ante el Comité de Disciplina Institucional. En su inciso F, 1, señala que si el confinado se niega a firmar la querella se requerirá la firma de 2 testigos que puedan constatar tal hecho y en su caso no se consiguieron tales firmas.

b) El querellante mintió al aseverar que se tuvo que llamar a la Unidad Interna de la Institución para restablecer el orden, lo cual es completamente falso y no existe informe alguno que así lo acredite.

c) Que el recurrente nunca levantó la voz ni causó ningún disturbio, pues de haber sucedido se hubiese afectado la visita de ese edificio, y ello no sucedió.

d) El querellante no cumplió con el procedimiento para radicar la querella y sus argumentos no tienen base en los hechos." [14]

La referida Solicitud de Reconsideración fue resuelta mediante Determinación, Parte II, suscrita por la Oficial de Reconsideración Sonia R. Flores, el 17 de noviembre de 2008, entregada al recurrente el 2 de diciembre de 2008. En dicha decisión, se declara No Ha Lugar la Solicitud de Reconsideración y se reafirma la sanción impuesta.

La Oficial de Reconsideración concluyó que:

"a) La determinación de la Oficial examinadora estaba conforme a los requisitos de preponderancia de la prueba.

b) Que la prueba sometida es suficiente para sostener la determinación de incurso.

c) Que el confinado no sometió prueba contundente ni convincente que derrotara la expuesta por la parte querellante.

d) Que se demostró que se cumplió con la Regla 9-G-3 sobre la firma de 2 testigos del personal de la institución, cuando el querellado se rehúsa firmar la querella disciplinaria, conforme al contenido del Informe de Querella del Incidente Disciplinario." **[15]**

Inconforme con el referido dictamen, el aquí recurrente presentó escrito de Apelación el 11 de diciembre de 2008. Acogimos el mismo como una revisión administrativa. **[16]**

En dicho recurso, el aquí recurrente, reitera sus señalamientos de la Solicitud de Reconsideración. Señala que el incidente con el Socio Penal De León, se dio porque éste reclamaba 70 días que se le deben de bonificación. Niega las imputaciones de desobedecer órdenes, violentar el clima institucional y haber hablado en voz alta. Reitera que la querella 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, no estaba firmada originalmente por dos testigos y luego apareció firmada por éstos y que ello era esencial, pues él se negó a firmar. Que la Querella bajo el Código 209 debió ventilarse ante el Comité Disciplinario y no ante un Oficial Examinador por ser de nivel 2 de severidad.

Que una empleada civil del Programa de Citas en el área de Salud Mental se comprometió a sacarle copia a las querellas de reconsideración y resolución y luego que le entregó los documentos no la volvió a ver. También se están tomando represalias en su contra por éste denunciar irregularidades cometidas contra la población correccional, por lo que se ha visto obligado a presentar demandas ante los tribunales. La parte recurrida compareció a oponerse al recurso incoado, mediante Escrito en Cumplimiento de Orden, presentado el 4 de mayo de 2009. En este escrito, la parte recurrida adjunta los documentos en que se basó la Investigadora, la Oficial Examinadora y la Oficial de Reconsideración para sostener sus respectivas determinaciones, y sostiene que la determinación de la agencia está sostenida por evidencia sustancial que surge del expediente administrativo, por lo que debe ser confirmada.

**II**

**Derecho Aplicable**

**Reglamento de Procedimientos Disciplinarios, Núm. 6994, según enmendado.**

El Artículo VI, Sección 19 de la Constitución del Estado Libre Asociado de Puerto Rico y la Ley 116 de 22 de julio de 1974, según enmendada, 4 L.P.R.A. 1101 *et seq.,* establecen la política pública del Estado Libre Asociado en cuanto a la rehabilitación moral y social de los confinados mediante la prestación de servicios individualizados.

La Administración de Corrección es la encargada de formular la reglamentación interna de los procesos disciplinarios de los confinados que se encuentran bajo su custodia. Tiene la responsabilidad de lograr la armónica conciliación entre el deber constitucional de rehabilitación de los confinados con su deber de asegurar la seguridad de la población correccional, que incluye a confinados y empleados civiles, y su deber de proteger a la sociedad en general. En virtud de la autoridad conferida a la Administración de Corrección por la Ley 116, *supra*, y las disposiciones de la LPAU, 3 L.P.R.A. sec. 2101 *et. seq.*, se aprobó el Reglamento Número 6994 que regula los procedimientos disciplinarios para confinados. En su introducción, este reglamento recoge los propósitos que lo inspiran y establece lo siguiente:

*Con el propósito de mantener un ambiente de seguridad y orden en las instituciones del país, es necesario que las autoridades penitenciarias tengan un mecanismo flexible y eficaz para imponer medidas disciplinarias*

*a aquellos confinados que con su comportamiento incurran en violaciones a las normas y procedimientos establecidos en la institución. Con este objetivo en mente, se adopta el siguiente Reglamento, que establece de manera clara y específica las normas y procedimientos a seguirse en asuntos de disciplina. Esta reglamentación establece, además, la estructura del aparato disciplinario encargado de la implantación de dichas normas y procedimientos.*

Este reglamento aplica cuando un confinado cometa o intenta cometer un acto de los prohibidos en cualquier institución bajo la jurisdicción de la Administración de Corrección. Regla 3 del Reglamento Núm. 6994. El mismo detalla las distintas etapas del procedimiento disciplinario al que puede estar sujeto un confinado. Reglas 9-20 del Reglamento Núm. 6994.

El referido Reglamento Núm. 6994, establece diferentes esferas o niveles de jurisdicción para dilucidar la responsabilidad de un miembro de la población correccional por la comisión o su tentativa de actos prohibidos. Esa jurisdicción a su vez se ejerce dependiendo de la severidad de la falta cometida.

Hay tres (3) niveles establecidos para los actos prohibidos, a saber, nivel I, II, y III de severidad. La Regla 11 del Reglamento provee para las vistas que se celebran ante el Comité de Disciplina Institucional. Este comité se compone de tres (3) miembros del personal de la institución, seleccionados por el Superintendente.

## A. Composición del Comité

1. El Superintendente delega en el Comandante de la Guardia la autoridad y el deber de servir de Presidente de dicho Comité.

2. El Superintendente designa dos (2) empleados adicionales, con funciones de supervisión para formar parte del Comité.

3. Al menos uno (1) de los empleados designados debe ser empleado civil de la institución.

## B. Excepciones

Ni el Investigador de Vistas ni el Oficial Examinador de Vistas Disciplinarias pueden pertenecer al Comité de Disciplina Institucional, para asegurar la imparcialidad y transparencia de los procedimientos.

## C. Jurisdicción del Comité

El Comité de Disciplina Institucional tiene jurisdicción para evaluar y adjudicar los casos por actos prohibidos comprendidos en los Niveles II y III, y para imponer las correspondientes sanciones, excepto ordenar la cancelación de bonificaciones por buena conducta y asiduidad. El Comité recomendará la cancelación de las bonificaciones y referirá dicha recomendación al Oficial Examinador de Vistas Disciplinarias, quien tiene la facultad para ordenar la cancelación de las mismas.

**Regla 12 – Decisión del Comité de Disciplina Institucional**

A. Si el Comité de Disciplina Institucional pasa juicio sobre el caso y concluye que el acto prohibido imputado es de Nivel II o de Nivel III, según sea el caso, determinará la responsabilidad del confinado e impondrá la sanción correspondiente, de acuerdo a las Tablas V y VI del Apéndice, excepto ordenar la cancelación de bonificaciones por buena conducta y asiduidad.

1. El Comité recomendará la cancelación de las bonificaciones por buena conducta y asiduidad y referirá

dicha recomendación al Oficial Examinador de Vistas Disciplinarias, quien tiene la facultad para ordenar la cancelación de las mismas. No obstante, el Oficial Examinador de Vistas Disciplinarias no tiene facultad alguna para pasar juicio o revisar los méritos de la querella disciplinaria ni el Informe de Vista del Comité de Disciplina Institucional por actos prohibidos comprendidos en los Niveles II y III.

B. En todos los casos de actos prohibidos Nivel II, el Comité recomendará la cancelación de las bonificaciones y referirá dicha recomendación al Oficial Examinador de Vistas Disciplinarias, quien ordenará la cancelación de las mismas. Además, tendrá la obligación de referir la determinación al Comité de Clasificación y Tratamiento de la institución para la correspondiente evaluación de cambio en el nivel de custodia del confinado incurso en una violación Nivel II.

C. El Comité de Disciplina Institucional tiene la autoridad para reducir las imputaciones de la querella ante su consideración y encontrar al confinado incurso de una violación menor.

D. Si el Comité de Disciplina Institucional evalúa el caso y determina que la imputación corresponde a un acto prohibido Nivel I, inmediatamente referirá el mismo al Oficial de Querellas para señalar una vista ante el Oficial Examinador de Vistas Disciplinarias.

E. El Comité de Disciplina Institucional considerará toda la prueba presentada en la vista y tomará una decisión basada en los méritos de la prueba (preponderancia de la prueba), no en la cantidad de prueba y tomará una o más de las siguientes determinaciones:

1. Declarar al confinado incurso en la comisión del acto prohibido imputado (Nivel II y III).

2. Declarar al confinado incurso en una imputación menor incluida en el Nivel II ó de Nivel III.

3. Imponer las sanciones correspondientes a los Niveles II y III. No obstante, la recomendación de cancelación de bonificaciones por buena conducta, debe ser referida al Oficial Examinador de vistas Disciplinarias.

4. Declarar al confinado no incurso.

5. Desestimar la querella por actos prohibidos Nivel II y III, según sea el caso, cuando no haya prueba suficiente para sostener la imputación contra el confinado.

**Regla 13 – Referido de casos al Oficial Examinador de Vistas Disciplinarias.**

A. En los casos que se imputa la comisión de un acto prohibido Nivel I, el Oficial de Querella, referirá el caso al Oficial de Vistas Disciplinarias, para el señalamiento y celebración de la vista disciplinaria. De igual manera, cuando en el mismo evento se imputa la comisión de un acto prohibido Nivel I y actos prohibidos de Nivel(es) de severidad (Nivel II y III), el Oficial de Querellas referirá el caso al Oficial Examinador de Vistas Disciplinarias para el correspondiente señalamiento de vista. El referido se hará utilizando el formulario correspondiente, el cual servirá también para notificar al confinado de la acción tomada. Todo documento relacionado con la acción disciplinaria será incluida con el referido.

B. Los casos de Nivel II y III en los que el Comité de Disciplina Institucional ha recomendado la cancelación de bonificaciones por buena conducta serán referidos al Oficial de Querellas, quien a su vez, lo referirá al Oficial Examinador de Vistas Disciplinarias, para que proceda con la cancelación.

C. Si el Comité de Disciplina Institucional evalúa el caso y determina que la imputación corresponde a un acto

prohibido Nivel I, inmediatamente referirán el mismo al Oficial de Querellas para señalar una vista el Oficial Examinador de Vistas Disciplinarias, quien emitirá la decisión.

**Regla 14 – Vistas ante el Oficial Examinador de Vistas Disciplinarias**

A. El Oficial Examinador de Vistas Disciplinarias es el funcionario que preside la vistas disciplinarias en la institución para los casos de actos prohibidos Nivel I y para la revocación de Privilegios y Programas de Desvío y Comunitarios. El Oficial Examinador de Vistas Disciplinarias estará adscrito a la Oficina de Asuntos Legales y será supervisado por el Director de esta oficina o la persona designada por éste.

B. Jurisdicción del Oficial Examinador de vistas Disciplinarias.

El Oficial Examinador de Vistas Disciplinarias tendrá jurisdicción e inherencia para evaluar y adjudicar los casos por actos prohibidos de Nivel I de severidad e imponer las sanciones correspondientes, incluyendo la cancelación de bonificación por buena conducta. En los casos por actos prohibidos Nivel II y III solamente ordenará la cancelación de bonificaciones por buena conducta previa recomendación del Comité de Disciplina Institucional.

## III

En el caso de autos, el recurrente plantea en su recurso, varios señalamientos de error, todos a excepción de uno relacionados con las determinaciones de hechos formuladas por la Oficial Examinadora en cuyo caso si encuentra fundamento en evidencia sustancial que obre en el expediente administrativo, deberán ser ratificadas por este foro apelativo. *Otero Mercado v. Toyota,* 163 D.P.R. 716 (2005) 727,728; D. Fernández Quiñones, *Derecho Administrativo y Ley Procedimiento Administrativo Uniforme,* Colombia, Ed. Forum, 2001.

No obstante, el recurrente apunta un señalamiento de error no relacionado con la apreciación de la prueba por la Oficial Examinadora que amerita nuestra intervención y revisión, a saber, la falta de jurisdicción de dicha Oficial Examinadora para entender en la querella adjudicada. Por entender que este señalamiento jurisdiccional es medular para la adjudicación de la controversia, nos ceñiremos a éste.

El recurrente sostiene que la querella 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 le imputaba violaciones a los Códigos 209 y 210 del Reglamento 6994. Que ambos códigos están clasificados como Nivel II de severidad, y que el Reglamento Disciplinario le concede la jurisdicción para ventilar tales violaciones al Comité de Disciplina Institucional, no al Oficial Examinador de Vistas Disciplinarias. Que por tal razón, la acción de ventilarse ambas violaciones ante la Oficial Examinadora Lara Colón Laborde, fue violatoria del Reglamento 6994. Tiene razón el recurrente. Contrario al argumento que esboza la parte recurrida en su Escrito en Cumplimiento de Orden, a la página 9, en donde alega que "la Regla 14, Incisos A y B del Reglamento 6994, *supra,* dispone que la Vista Disciplinaria estará a cargo del Oficial Examinador, quien atenderá los casos por actos prohibidos de Nivel I, II y III de severidad e impondrá las sanciones correspondientes", dicha regla y dicho reglamento dicen todo lo contrario.

El inciso A de la Regla 14, *supra,* dice claramente que el Oficial Examinador presidirá las Vistas Disciplinarias para los actos prohibidos Nivel I y para la Revocación de Privilegios y Programas de Desvío y Comunitarios.

El inciso B de la Regla 14, *supra,* dice claramente que el Oficial Examinador de Vistas Disciplinarias tendrá jurisdicción e inherencia para evaluar y adjudicar los casos por actos prohibidos Nivel I de severidad e imponer las sanciones correspondientes incluyendo la cancelación de bonificación de buena conducta.

En los casos por actos prohibidos Nivel II y III, solamente ordenará la cancelación de bonificaciones por

buena conducta previa recomendación del Comité de Disciplina Institucional. Es decir, que el referido reglamento provee para la celebración de dos tipos de vistas, dependiendo de las violaciones disciplinarias cometidas. Cuando se trata de violaciones de Nivel I de severidad, el Oficial de Querellas señalará la correspondiente vista ante un Oficial Examinador de Vistas Disciplinarias; en los casos de violaciones de Nivel II o de Nivel III de Severidad, se señalará la vista ante el Comité de Disciplina Institucional. Regla 10 (G)(2) del Reglamento 6994.

En el caso ante nuestra consideración, las violaciones a los Códigos 209 y 210 se catalogan como unas de Nivel II de Severidad. Ese nivel comprende actos, o tentativa de actos prohibidos de naturaleza menos grave tales como los tipificados en el código Penal de Puerto Rico o leyes especiales. Incluye además, violaciones administrativas que no necesariamente constituyen una amenaza a la seguridad institucional o a cualquier Programa de Desvío Comunitario. Regla 6 (A)(2) del reglamento 6994.

Por otro lado, la Regla 11 del Reglamento 6994 trata sobre la vista a celebrarse ante el Comité de Disciplina Institucional, es decir, en aquellos casos en que se imputen violaciones de Nivel II o de Nivel III de Severidad. Específicamente, la Regla 11(D) dispone que el Comité de Disciplina Institucional celebrará una vista dentro del término de cinco (5) días laborables contados a partir del día laborable siguiente a la presentación del Informe Investigativo ante el Oficial de Querellas, pero no más tarde de diez (10) días laborables. Si el Comité de Disciplina Institucional no celebra la vista dentro del mencionado término de diez (10) días laborables, exceptuando justa causa o caso fortuito, la querella será automáticamente desestimada. Regla 11 (D) del Reglamento 6994.

Nuestro Tribunal Supremo ha tenido ocasión de expresarse sobre el Reglamento Núm. 6994, el Comité de Disciplina Institucional, el Oficial examinador de Vistas Disciplinarias y la jurisdicción de los actos prohibidos en función del nivel de Severidad.

En *López Leyro v. E.L.A.*, **2008 J.T.S. 29**, 173 D.P.R. ___ (2008), se dijo:

*"El Reglamento de Procedimientos Disciplinarios para Confinados y Participantes de Programas de Desvío y Comunitarios, Reglamento Núm. 6994 del 29 de junio de 2005 (Reglamento Disciplinario), se promulgó con el fin de propiciar un ambiente de seguridad y orden en las instituciones correccionales del País. Para lograrlo, provee un mecanismo que permite imponerle sanciones disciplinarias a aquellos confinados que infrinjan las normas y procedimientos de la institución. El Reglamento Disciplinario establece tanto la estructura del aparato sancionador, como las normas sustantivas y los procedimientos que éste habrá de seguir.*

*Para administrar sus normas, el mencionado reglamento estableció un Comité compuesto por tres miembros seleccionados por el Superintendente de cada institución. El Comité celebra vistas cuando se le imputa a un confinado la comisión de actos prohibidos de Nivel II ó III. Regla 4(c), Reglamento Disciplinario, supra. De tratarse de un acto de Nivel I (severidad extrema), el Comité no puede ver la querella y debe referirla á un Oficial Examinador de vistas Disciplinarias. Regla 11(c), Reglamento Disciplinario, supra."*

Como hemos visto, en el caso de autos se violentó flagrantemente la jurisdicción del Comité de Disciplina Institucional, que conforme a la Regla 11(c) del Reglamento 6994, era el foro con jurisdicción para dilucidar la querella 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, que imputaba violaciones a los Códigos 209 y 210, que por su severidad se clasificaban como Nivel II. La acción de ventilar dicha querella ante la Oficial Examinadora de Vistas Disciplinarias fue una acción *ultravires* y carente de consecuencia jurídica.

Dispone la Regla 11(d) del Reglamento 6994, *supra,* si pasado el término de cinco (5) días laborables contados a partir de la presentación del Informe Investigativo ante el Oficial de Querellas, pero no más de diez

(10) días laborables, no se celebrara la vista ante el Comité de Disciplina Institucional, exceptuando justa causa o caso fortuito, la querella será automáticamente desestimada.

IV

Por los fundamentos anteriormente expresados, se REVOCA la Resolución Recurrida de 17 de noviembre de 2008 y se desestima la querella 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.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lic. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 102

**1.** Escrito de Apelación, II Exposición, página 4, recurrente.

**2.** Informe de Querella de Incidente Disciplinario, Parte I. Querella 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, recurrente.

**3.** Declaración de Incidente, anejo V, página 6, recurrida.

**4.** Declaración de Incidente de Rosalía Colón, Anejo II, página 7, recurrida. Declaración de Incidente de Humberto De León, Anejo V, página 6, recurrida.

**5.** Informe de Querella de Incidente Disciplinario, recurrente.

**6.** Anejo II, página 2, recurrida.

**7.** Declaración de Incidente, Anejo IV, páginas 4 y 5, recurrida.

**8.** Declaración de Incidente, Anejo V, página 6, recurrida.

**9.** Declaración de Incidente, Anejo VI, página 7, recurrida.

**10.** Resolución de 30 de septiembre de 2009, Parte I, recurrente.

**11.** Anejo VII, página 8, recurrida.

**12.** La Regla 9, inciso G(3) del Reglamento 6994 dispone que si el confinado se niega a firmar el recibo de la querella disciplinaria, se requerirá la firma de 2 testigos del personal de la institución para afirmar ese hecho.

**13.** Resolución del Oficial Examinador, Parte III (a), recurrente.

**14.** Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado. Parte I, páginas 1-3, suscrita por recurrente en 3 de octubre de 2008.

**15.** Resolución de Reconsideración, Parte II, determinación fechada 17 de noviembre de 2008. Recibida por recurrente el 2 de diciembre de 2008, recurrente.

**16.** Resolución de 6 de febrero de 2009.